**Enxhi Qirici, Esq.**
**MACEDO LAW LLC**
**91 Montvale Ave, Suite 315**
**Stoneham, MA 02180**
**Phone (617) 665-7911**
**eoir@macedolaw.com**
**MA BBO: 713563**
**Counsel for Petitioner**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUELITO BINDA KUTXI<br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ<br>(*Superintendent, Plymouth County Correctional Facility*),<br>DAVID T. WESLING,<br>(*Field Office Director*),<br>MICHAEL KROL<br>(*HSI New England Special Agent in Charge*),<br>TODD LYONS<br>(*Acting Director U.S. Immigrations and Customs Enforcement*)<br>MARKWAYNE MULLIN<br>(*U.S. Secretary of Homeland Security*)<br>U.S. DEPARTMENT OF HOMELAND SECURITY; and<br>TODD BLANCHE<br>(*Attorney General of the United States*)<br>Respondents | Case No. _____<br><br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

### I.  INTRODUCTION

1.  Petitioner is a native and citizen of Angola

2.  On June 26, 2026, Immigration and Customs Enforcement (ICE) arrested the Petitioner in Lewiston, ME at the front of his home early in the morning as Petitioner was arriving from his nightshift from his job at Walmart.

3.  Petitioner entered the United States without inspection in June 2023 and was served with a Notice to Appear (NTA) in 2023 and placed in removal proceedings.

4. Petitioner has remained continuously present in the United States since entering in June 2023.

5. The Respondent is currently being held at Plymouth County Correctional Facility located at 26 Long Pond Rd., Plymouth, MA 02360.

6. His detention is in violation of the Due Process Clause of the Fifth Amendment.

7. Upon information and belief, ICE is detaining him pursuant to 8 U.S.C. § 1225(b) on the theory that, because he entered without inspection, he remains an "applicant for admission" subject to mandatory detention. That reading of the statute is erroneous. Once DHS elected to initiate removal proceedings under § 240 and served a Notice to Appear, Petitioner was no longer treated as an applicant for admission. The government cannot now retroactively reclassify him to impose mandatory detention under § 1225(b). Having been served with an NTA and placed in § 240 removal proceedings, his custody is governed by § 236(a), which provides for discretionary custody and the possibility of a bond hearing. Detention under § 1225(b) is therefore unauthorized by statute and violates due process.

## II. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question) and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

3. Venue is proper in this district because Petitioner is detained in Massachusetts in the custody of Respondents.

4. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## III. PARTIES

1. Petitioner Guelito Binda Kutxi is an Angolan national currently detained at Plymouth County Correctional Facility located at 26 Long Pond Rd., Plymouth, MA 02360, under the custody of U.S. Immigration and Customs Enforcement.

2. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is petitioner's immediate custodian.

3. Respondent David Wesling is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

4. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

5. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

6. Respondent Markwayne Mullin is the U.S. Secretary of Homeland Security.

7. Respondent, U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

8. Respondent Todd Blanche is the Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

9. All respondents are named in their official capacities.

10. On information and belief, Petitioner is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

## IV. FACTS

1. Petitioner is a citizen and native of Angola who entered the United States without inspection in 2023.

2. June 26, 2026, Immigration and Customs Enforcement (ICE) arrested the Petitioner in Lewiston, ME, and he is currently detained at Plymouth County Correctional Facility in Massachusetts.

3. In 2023, he was served with a Notice to Appear (NTA) and placed in removal proceedings. He has a timely filed and pending I-589 Asylum application with Chelmsford Immigration court with approximately 100 pages of additional supporting evidence. His case is currently pending though he does not have a future hearing scheduled at this time.

4. Petitioner has remained continuously present in the United States since entering in June 2023.

5. ICE has not produced any valid removal order or lawful statutory basis to continue holding the Petitioner. He is not subject to expedited removal under INA § 235(b), nor to mandatory detention under INA § 236(c), and he is not under a final order of removal that would implicate INA § 241.

6. At most, ICE's authority to detain Petitioner arises under INA § 236(a), which requires an individualized custody hearing. However, if Petitioner were to seek a custody redetermination before the Immigration Court, the Immigration Judge could find that the court lacks jurisdiction to entertain a bond motion because of Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). In Hurtado, the BIA held that all individuals who entered without inspection are "applicants for admission" subject to mandatory detention under INA § 235(b)(2)(A), thereby removing bond jurisdiction from the Immigration Court.

7. Thus, habeas corpus is Petitioner's only meaningful avenue for relief from unlawful detention.

## V. REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

1. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

2. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391,400 (1963).

3. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## VI. CLAIMS FOR RELIEF

### Count I – Violation of the Fifth Amendment Right to Due Process
### (Procedural Due Process)

1. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

2. Respondents' detention of Petitioner without an individualized custody determination violates the Due Process Clause of the Fifth Amendment. The Supreme Court has long made clear that the protections of the Due Process Clause extend to all persons within the United States, including noncitizens present without lawful status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

3. Petitioner has been taken into DHS custody and remains detained even though no immigration judge has authority to decide whether his confinement is warranted.

4. Jurisdiction to hear the matter of bond for the Petitioner properly lies with the Chelmsford Immigration Court, which currently administers the Respondent's case. Under 8 C.F.R § 1003.19(c), a request for a bond hearing may be filed with any one of the following offices: (1) If the respondent is detained, to the Immigration Court having jurisdiction over the place of detention; (2) *To the Immigration Court having administrative control over the case*; or (3) To the Office of the Chief Immigration Judge for designation of an appropriate Immigration Court in exercising its authority in reviewing bond determination (emphasis added).

5. However, the September 2025 decision of the Board of Immigration Appeals (BIA) in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ruled that immigration judges do not have authority to hear bond cases for immigrants who entered without inspection, under any circumstance.

6. While DHS nominally schedules "bond hearings," immigration judges have been instructed to decline jurisdiction based on Matter of Yajure Hurtado, and Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025), leaving Petitioner with no forum capable of considering release. A procedure that provides a hearing in name only, while withholding the adjudicative power to grant relief, does not satisfy due process. Cf. Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021) (holding that detainees under § 236(a) must receive bond hearings at which the government bears the burden to show danger or flight risk).

7. The First Circuit and this Court have repeatedly recognized that individuals detained under § 236(a) are entitled to an individualized custody determination with adequate procedural safeguards. See id.; Reid v. Donelan, 390 F. Supp. 3d 201, 210–11 (D. Mass. 2019); Gomes v. Hyde, No. 25-cv-11571-JEK, slip op. at 17 (D. Mass. July 7, 2025) (holding that detention without a bond hearing applying § 236(a) standards is unlawful).

8. By refusing to recognize jurisdiction over Petitioner's custody in order to keep him detained, Respondents have deprived him of the process that the statute and Constitution guarantee.

9. Absent judicial intervention, Petitioner faces prolonged incarceration without any neutral decision-maker empowered to evaluate whether detention is warranted by considering relevant factors such as ties to the community, flight risk, or danger.

10. Therefore, ICE is depriving the Petitioner of the procedural protections guaranteed by § 236(a) and violating his fifth amendment right to due process guaranteed by the Fifth Amendment of the United States Constitution.

11. Habeas corpus is therefore Petitioner's only meaningful avenue to obtain the individualized custody determination that due process requires.

12. The Court should grant the writ and order Respondents either to release Petitioner or to provide a prompt and effective bond hearing consistent with the Fifth Amendment.

### Count II – Detention Not Authorized by Statute
### (INA §§ 235(b) 236(a))

1. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

2. Respondents lack statutory authority to continue detaining Petitioner without affording him access to a meaningful bond hearing. The Immigration and Nationality Act provides only two potential bases for immigration custody: INA § 235(b), 8 U.S.C. § 1225(b), and INA § 236(a), 8 U.S.C. § 1226(a). Neither permits the government to hold Petitioner indefinitely while depriving him of any forum empowered to decide his custody.

3. Section 235(b) applies only to arriving aliens and, in narrowly defined circumstances, to individuals apprehended soon after entry and within 100 miles of the border. See 8 U.S.C. § 1225(b)(1)(A)(iii). Treating Petitioner as perpetually "arriving" rewrites the statute and conflicts with the Supreme Court's admonition that immigration detention must be tethered

to a specific, legitimate source of authority. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

4. Nor does § 236(a) authorize Respondents' conduct. That provision permits arrest and detention "pending a decision on whether the alien is to be removed," but presumes that an immigration judge can conduct an individualized custody determination. Jennings v. Rodriguez, 583 U.S. 281, 298 (2018). In practice, immigration judges have declined to exercise bond jurisdiction over individuals like Petitioner based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025). As the First Circuit has emphasized, § 236(a) is the exclusive source of authority for interior arrests, and its protections cannot be nullified by agency interpretation. Hernandez-Lara v. Lyons, 10 F.4th 19, 27–28 (1st Cir. 2021); Reid v. Donelan, 390 F.Supp. 3d 201, 210–11 (D. Mass. 2019).

5. Because neither § 235(b) nor § 236(a) authorizes Respondents to detain Petitioner while denying him access to a bond hearing in which the immigration judge has jurisdiction to decide custody, their actions are ultra vires. Habeas corpus is Petitioner's only meaningful avenue to obtain the individualized custody determination that the statute contemplates and the Constitution requires. The Court should therefore grant the writ and order Respondents either to release Petitioner or to provide a prompt and effective bond hearing under § 236(a).

**Count III – Violation of the Administrative Procedure Act**
**(Unlawful Agency Action, 5 U.S.C. § 706(2))**

1. Petitioner repeats and realleges all prior paragraphs as if fully set forth herein.

2. Respondents' decision to detain Petitioner under INA § 235(b), rather than INA § 236(a), constitutes "agency action … not in accordance with law" and "in excess of statutory jurisdiction, authority, or limitations," within the meaning of the Administrative Procedure Act. See 5 U.S.C. § 706(2)(A), (C).

3. The text, structure, and history of the Immigration and Nationality Act establish that detention of noncitizens arrested inside the United States, after residing here for years and placed in § 240 proceedings, is governed by § 236(a)'s discretionary framework. See Gomes v. Hyde, No. 25-cv-11571-JEK, slip op. at 13-17 (D. Mass. July 7, 2025) (holding that DHS lacked authority to rely on § 235(b) to detain a noncitizen arrested on a § 236 warrant). Interpreting § 235(b) to authorize detention of long-term residents apprehended

in the interior "contravenes the plain text" of the INA and would render Congress's careful carve-outs in § 236 superfluous.

4. By classifying Petitioner as an "arriving alien" and denying him access to a bond hearing under § 236(a), Respondents have acted contrary to law and exceeded their statutory authority resulting in arbitrary, unlawful, unconstitutional continued detention. The APA authorizes this Court to "hold unlawful and set aside" such agency action. See 5 U.S.C. § 706(2). Petitioner is therefore entitled to habeas and declaratory relief directing Respondents either to release him or to provide a prompt custody redetermination under § 236(a).

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1. Assume jurisdiction over this matter;

2. Order that Petitioner shall not be transferred outside the District of Massachusetts;

3. Issue an Order to Show Cause ordering Respondent to show cause as to why this Petition should not be granted within three days;

4. Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

5. Declare that Respondents lack statutory authority to detain Petitioner under INA §§ 235(b);

6. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

7. In the alternative, should the Court decline to order immediate release, direct Respondents to provide Petitioner with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker at which the government bears the burden of proof to justify continued detention; and

8. Grant any such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 28, 2026

*/s/ Enxhi Qirici*
Enxhi Qirici, Esq.
BBO: 713563
*Macedo Law LLC*
*91 Montvale Ave, Ste 315*
*Stoneham, MA 02180*